597 So.2d 336 (1992)
LA VILLARENA, INC., et al., Appellant,
v.
George ACOSTA and Muriel Acosta, his wife, Appellees.
Nos. 91-1016, 91-782.
District Court of Appeal of Florida, Third District.
April 7, 1992.
*337 Weiner, Catlett & Shiley, Elizabeth Koebel Russo and Robert S. Glazier, Miami, for appellant.
Irv J. Lamel and Claudia B. Greenberg, Coral Gables, for appellees.
Before JORGENSON, COPE and GODERICH, JJ.
GODERICH, Judge.
The defendant, La Villarena, Inc. [La Villarena], appeals from a final money judgment rendered on a jury verdict, in favor of George Acosta and Muriel Acosta [the Acostas], and from an order taxing costs. We affirm. The Acostas cross-appeal from the entry of a directed verdict in favor of La Villarena Meat & Pork, Inc. on the issue of whether it was a co-possessor of the warehouse at the time George Acosta fell on the premises. Again, we affirm.
La Villarena is a company which distributes meat products and operates a storage warehouse. George Acosta was a salesperson who visited the warehouse regularly. The floors of the warehouse were often wet, due to the nature of the business. Signs warning of the slippery floors were permanently posted at the entrance to the warehouse. During one of his visits to the warehouse, George Acosta fell. The Acostas sued claiming that his fall and injuries were caused by La Villarena's negligence.
During trial, the Acostas testified that George Acosta could not use his right hand for common tasks because of the injury. La Villarena videotaped George Acosta during the days of trial using his right hand. However, the trial court did not permit La Villarena to introduce the surveillance video into evidence because the tape had not been supplied to the plaintiffs before trial.
The trial court granted a directed verdict holding that La Villarena was liable for the acts of its employees, and when instructing the jury, gave a preemptive charge on the issue, inserting the Acostas' theory of the case.
The jury found La Villarena liable to the Acostas and found the damages to be $270,000.00. However, the jury also found that George Acosta was twenty-five percent (25%) comparatively negligent and reduced the damages award to $202,500.00. The trial court also awarded the Acostas costs. La Villarena appeals and the Acostas cross-appeal.
The first issue in this case is whether the negligence issue was properly sent to the jury. La Villarena contends that the trial court erred in failing to direct a verdict in favor of La Villarena where George Acosta admitted that he was warned that the floor was slippery and where the floor was in a meat packing warehouse which inevitably has slippery floors. We disagree.
George Acosta occupied the status of a business invitee while he was in the warehouse. In Florida, a landowner owes two duties to business invitee: (1) to maintain the premises in a reasonably safe condition; and (2) to warn the invitee of latent perils which are or should be known to the owner or occupier but which are unknown to the invitee and cannot be discovered by the invitee through the exercise of due care. Maldonado v. Jack M. Berry Grove Corp., 351 So.2d 967 (Fla. 1977); Hickory *338 House v. Brown, 77 So.2d 249 (Fla. 1955); Messner v. Webb's City, Inc., 62 So.2d 66 (Fla. 1952); Westchester Exxon v. Valdes, 524 So.2d 452 (Fla. 3d DCA 1988); Storr v. Proctor, 490 So.2d 135 (Fla. 3d DCA), rev. denied, 500 So.2d 546 (Fla. 1986); Emmons v. Baptist Hosp., 478 So.2d 440 (Fla. 1st DCA 1985), rev. denied, 488 So.2d 67 (Fla. 1986).
"An owner or occupier of a place of business is not an insurer of his customers' safety; rather, he owes his customers only a duty to protect against those risks which are reasonably foreseeable." Westchester, 524 So.2d at 455 (citations omitted). An owner is not required to warn the invitee of an obvious danger. Messner v. Webb's City, Inc., 62 So.2d 66 (Fla. 1952); Rice v. Florida Power & Light Co., 363 So.2d 834 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 460 (Fla. 1979). However, an open and obvious hazard is not an absolute bar to recovery. Auburn Mach. Works Co. v. Jones, 366 So.2d 1167 (Fla. 1979). See also Restatement (Second) of Torts § 343A (1990) (possessor of land may be liable despite obviousness of the hazard if the harm is foreseeable).
In the instant case, a jury question existed as to whether the permanent entrance sign adequately warned George Acosta that as he exited the warehouse the floors would be wet. Additionally, the slippery floor was not, as a matter of law, so open and obvious as to completely relieve the defendant of liability. See Metropolitan Dade County v. Yelvington, 392 So.2d 911 (Fla. 3d DCA), rev. denied, 389 So.2d 1113 (Fla. 1980); see also Restatement (Second) of Torts § 343A cmt.f, illus. 5 (1990) (owner of building is liable to business invitee where sole means of access to building is slippery). For these reasons, we find that the trial court properly denied the motion for a directed verdict. See Torres v. Sell, 502 So.2d 521 (Fla. 3d DCA 1987) (directed verdict should only be granted where jury could not reasonably differ as to existence of material fact).
The second issue in this case is the admissibility of the surveillance tape prepared by La Villarena during the trial and disclosed to the plaintiff and the court after the plaintiff had rested. Surveillance evidence is subject to discovery before trial. Dodson v. Persell, 390 So.2d 704 (Fla. 1980).
The surveilling party's failure to comply with such a discovery request will bar the information's use as evidence in the cause unless the trial court finds that the failure to disclose was not willful and either that no prejudice will result or that any existing prejudice may be overcome by allowing a continuance of discovery during a trial recess.
Id., at 708.
In the instant case, La Villarena did not place George Acosta under surveillance until the trial began. It waited until the trial began, despite the fact that the Acostas had been alleging permanent disability throughout their pleadings and depositions. La Villarena was unable to explain why it did not place George Acosta under surveillance earlier. Nor did it give any excuse for violating the pretrial order. We find that the trial court properly excluded the film where the use of this unlisted exhibit would not have afforded the Acostas a reasonable opportunity to counter this evidence. See Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981); Williams v. Walt Disney World Co., 583 So.2d 794 (Fla. 1st DCA 1991).
The third point raised on appeal is whether the trial court erred in giving the jury a preemptive instruction on the Acostas' theory of the case. As a preliminary matter, we find that this issue is preserved for appeal where La Villarena voiced its concern immediately after the judge read the instruction to the jury and gave the judge the opportunity to rule. See City of Orlando v. Birmingham, 539 So.2d 1133 (Fla. 1989).
We also find that the trial court properly instructed the jury on La Villarena's duty and on the Acostas' theory of the case. The trial court had already granted a directed verdict holding that La Villarena was liable for the acts of its employees and the preemptive charge only explained what *339 this meant in terms of what La Villarena was accused of doing. "A party is entitled to have the trial court instruct the jury on his or her theory of the case when the evidence presented, even though it is controverted, supports the theory." L.K. v. Water's Edge Ass'n, 532 So.2d 1097 (Fla. 3d DCA 1988) (citations omitted).
La Villarena's main contention is not that the charge as a whole is improper, but rather that the charge was not stated in neutral terms. The record is silent as to what instruction, if any, La Villarena suggested. But this court, in Zanetti v. Weissler, 179 So.2d 383 (Fla. 3d DCA 1965), cert. denied, 188 So.2d 314 (Fla. 1966), has stated that a charge is not incorrect simply because it is not given in language that the appealing party would have preferred.
La Villarena's final point on appeal is that the trial court erred in permitting Percival Darby, a teacher at Florida International University's Hospitality School, to testify as an expert about cleaning floors. We disagree.
The decision as to whether a witness possesses the necessary expertise to testify as an expert on a certain subject is within the discretion of the trial judge and will not be disturbed unless clearly erroneous and prejudicial to the adverse party. Holiday Inns, Inc. v. Shelburne, 576 So.2d 322 (Fla. 4th DCA), cause dismissed, 589 So.2d 291 (Fla. 1991); Quinn v. Millard, 358 So.2d 1378 (Fla. 3d DCA 1978). In Kruse v. State, 483 So.2d 1383 (Fla. 4th DCA 1986), cause dismissed, 507 So.2d 588 (Fla. 1987), the court reiterated that the four requirements for determining the admissibility of expert testimony are: (1) that the opinion evidence be helpful to the trier of fact; (2) that the witness be qualified as an expert; (3) that the opinion evidence can be applied to evidence offered at trial; and (4) that the evidence not present substantial danger of unfair prejudice outweighing its probative value. In order to be helpful to the trier of fact, expert testimony must concern a subject which is beyond the common understanding of the average person. Buchman v. Seaboard Coast Line R.R., 381 So.2d 229 (Fla. 1980); Florida Power Corp. v. Barron, 481 So.2d 1309 (Fla. 2d DCA), rev. dismissed, 488 So.2d 829 (Fla. 1986); Mills v. Redwing Carriers, Inc., 127 So.2d 453 (Fla. 2d DCA 1961).
In the instant case, the witness testimony assisted the jury. Some people might not know anything about cleaning floors or about how a business cleans its floors. Therefore, La Villarena's argument that his testimony should have been excluded because he testified as to matters that were within the jurors ordinary experience is without merit. The trial court acted within its discretion in admitting this expert evidence, and its ruling is affirmed.
The Acostas cross-appeal contending that the trial court erred in directing a verdict in favor of La Villarena Meat & Pork on the issue of possession of the warehouse. The Acostas' contention has no merit where the evidence demonstrates that La Villarena and La Villarena Meat & Pork, Inc. are separate entities and that La Villarena controlled the premises where the accident occurred.
Affirmed.