HALL, Judge.
William Keeley challenges the final summary judgment entered in favor of Florida Power and Light Company in his action for personal injuries. Keeley contends that summary judgment was improperly entered because there remain disputed issues of material fact. We agree and reverse.
Keeley was a cement truck driver employed by West Coast Industries, a subcontractor for Eastern Utilities Construction Co., the contractor hired by Florida Power to perform work at one of its electrical power substations. Keeley was severely injured at the substation when an explosion threw him into a bus bar carrying 138,000 volts of electricity. A second explosion threw him to the ground. Keeley had just finished pouring a load of cement, had climbed up to the cement mixer platform, and was hosing down the mixer’s chute when the explosions occurred.
A business invitee is owed two duties by Florida landowners: “(1) to maintain the premises in a reasonably safe condition; and (2) to warn the invitee of latent perils which are or should be known to the owner or occupier but which are unknown to the invitee and cannot be discovered by the invitee through the exercise of due care.” La Villarena, Inc. v. Acosta, 597 So.2d 336, 337 (Fla. 3d DCA1992).
As a business invitee onto the premises of a power company, Keeley was owed an even higher duty of care by Florida Power: “[w]hile power companies are not insurers, they nevertheless must shoulder a greater-than-usual duty of care in proportion to the greater-than-usual zone of risk associated with the business enterprise they have undertaken.” McCain v. Fla. Power Corp., 593 So.2d 500, 504 (Fla.1992). Whether the power company has discharged its duty depends on the circumstances of each case. Fla. Power & Light Co. v. Robinson, 68 So.2d 406 (Fla.1953). It is the circumstances which caused Keeley’s injuries that are in dispute in this case.
Keeley contends that his use of the water hose caused the electricity in the bus bar to arc over to him. He asserts that the arcing of the electricity was a latent danger of which he was not warned by the “High Voltage” signs posted around the substation. Florida Power, on the other hand, despite Keeley’s affidavit to the contrary, contends that Keeley actually touched the bus bar. It asserts that the bus bar was highly visible and, therefore, it discharged its duty to Keeley through the posting of the “High Voltage” signs.
We find there are disputed issues of material fact as to how Keeley was injured and whether Florida Power discharged its duty to Keeley under the circumstances. These factual issues were for the jury to determine, and summary judgment was therefore improper.
Accordingly, we reverse and remand for proceedings consistent with this opinion.
CAMPBELL, A.C.J., and FRANK, J., concur.