684 So.2d 726 (1996)
Krishna MAHARAJ, Appellant,
v.
STATE of Florida, Appellee.
No. 85439.
Supreme Court of Florida.
September 19, 1996.
Rehearing Denied December 10, 1996.
*727 Benedict P. Kuehne of Sale & Kuehne, P.A., Miami; and Clive A. Stafford Smith, Louisiana Crisis Assistance Center, New Orleans, LA, for Appellant.
Robert A. Butterworth, Attorney General, and Randall Sutton, Assistant Attorney General, Miami, for Appellee.
James Lohman, Tallahassee, Florida; and Philip Sapsford, Queen's Counsel; David Medhurst, Barrister and Zubair Ahmad, Barrister, London, England, for Amicus Curiae Bar of England and Wales Human Rights Committee.
James Lohman, Tallahassee; and Geoffrey Robertson, Queen's Counsel, London, England, for Amicus Curiae Ad Hoc Bipartisan Parliamentary Group.
PER CURIAM.
Krishna Maharaj appeals an order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We have jurisdiction. Art. V, § 3(b)(1),(7), Fla. Const. For the reasons expressed, we reverse and remand for an evidentiary hearing.
Krishna Maharaj was convicted of two counts of first-degree murder for the 1986 slayings of Duane Moo Young and Derrick Moo Young. He was sentenced to death for the murder of Duane; he received a sentence of life imprisonment for the murder of Derrick. His convictions and sentences were affirmed by this Court in Maharaj v. State, 597 So.2d 786 (Fla.1992), cert. denied, 506 U.S. 1072, 113 S.Ct. 1029, 122 L.Ed.2d 174 (1993). The facts presented at trial reflected the following. Maharaj was involved in a dispute with Derrick regarding money. Maharaj had his employee, Neville Butler, arrange a meeting at a hotel suite with Derrick. After Derrick and his son Duane arrived at the suite, an argument ensued and Maharaj killed them both. Butler was in the suite at the time of the killings and was the State's key witness at trial. Evidence was also presented reflecting that the victims were killed by the type of gun owned by Maharaj and that Maharaj's fingerprints were found in the suite. A more detailed version of the factual circumstances surrounding the murders is contained in Maharaj.
After this Court affirmed the convictions and sentences, Maharaj filed a detailed rule 3.850 motion for postconviction relief, claiming that: (1) his counsel was ineffective in forty-five different ways; (2) his counsel was ineffective in failing to present an alibi defense; (3) he was deprived of due process under Brady[1] because the prosecutor withheld favorable information; (4) prosecutorial and police misconduct affected the integrity of the verdict; (5) the prosecution presented false and misleading testimony at trial; (6) Maharaj's waiver as to the presentation of witnesses and as to the presentation of the alibi defense was not valid; and (7) he was entitled to the access of certain files under chapter 119, Florida Statutes (1995). In a two-page order, the trial judge summarily denied Maharaj's claims without a hearing. The trial judge attached three pages of transcript as to the waiver issue and found the remaining claims to be procedurally barred, insufficiency pleaded, or otherwise without merit.
In this appeal, Maharaj raises six claims, asserting that: (1) the trial judge erred in summarily denying relief without an evidentiary hearing; (2) Maharaj's ineffective assistance of counsel claims were sufficiently pleaded to require an evidentiary hearing; (3) the trial judge improperly denied his claims that the state withheld evidence without first conducting an evidentiary hearing; (4) the trial judge erred in denying Maharaj's claims of alleged prosecutorial misconduct without an evidentiary hearing; (5) the trial judge erred in finding that Maharaj was not entitled to inspect portions of the State Attorney's files; and (6) the trial judge should have recused himself due to a conflict of interest given that, at the time of the trial in this case, the trial judge was the supervisor *728 of the assistant state attorneys who prosecuted this case.
Maharaj's first four claims all involve the trial judge's failure to conduct an evidentiary hearing before ruling on the merits of his motion for postconviction relief. In reviewing Maharaj's claims, the trial judge stated that he would probably not be able to handle the case if it required an evidentiary hearing because of his long-term association professionally and socially with the lawyers. After making that statement, the trial judge issued his order denying relief. This denial included a rejection of Maharaj's public records request as well. The trial judge denied Maharaj's public records request to examine the state attorney's files after he reviewed those records in camera. After reviewing each of the claims raised in Maharaj's motion, we find that some of his allegations regarding ineffective assistance of counsel and his allegations regarding prosecutorial misconduct and discovery violations warrant an evidentiary hearing. We also find that the trial judge's statement that he could not have conducted an evidentiary hearing even if one was warranted requires us to remand this cause for reconsideration before a new judge.
It does appear that a substantial number of Maharaj's claims may properly be denied without an evidentiary hearing because they were either raised or could have been raised on direct appeal and, consequently, cannot be relitigated in a postconviction relief proceeding. Johnson v. State, 593 So.2d 206 (Fla.), cert. denied, 506 U.S. 839, 113 S.Ct. 119, 121 L.Ed.2d 75 (1992); Maxwell v. Wainwright, 490 So.2d 927 (Fla.), cert. denied, 479 U.S. 972, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986). It is inappropriate to use a collateral attack to relitigate an issue previously raised on appeal. Medina v. State, 573 So.2d 293 (Fla.1990). On the other hand, our review of Maharaj's motion reflects that an evidentiary hearing on at least some of his claims is warranted because those claims involve disputed issues of fact. See, e.g., Way v. State, 630 So.2d 177 (Fla. 1993)(one of the purposes of an evidentiary hearing is to resolve disputed issues of fact regarding issues that might warrant reversal). Specifically, we find that an evidentiary hearing is necessary to at least resolve whether (1) material was improperly withheld by the prosecutor, (2) Maharaj's counsel was ineffective by failing to properly advise him regarding his waiver on various issues, and (3) perjured testimony was knowingly presented at trial by the State.
We also find that the ethical conflict issue in this case warrants reversal. Maharaj alleges that he discovered only recently that the trial judge who presided over this rule 3.850 proceeding was, at the time of Maharaj's trial, the supervising attorney of the assistant state attorneys who prosecuted Maharaj. Maharaj contends that he did not discover this information until he was allowed to review portions of the State's files. A specific procedure does exist for moving to disqualify a judge, Rogers v. State, 630 So.2d 513 (Fla.1993), but such a procedure was not followed in this case. Nevertheless, we find that the trial judge should have recused himself from the entire case if he believed he was ineligible to preside over an evidentiary hearing, regardless of whether a motion to disqualify was filed. Canon 3(E), Code of Judicial Conduct (a judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned). Given these unique circumstances, combined with our conclusions that an evidentiary hearing is warranted on at least some of Maharaj's claims, we conclude that this case must be remanded for a full review before a new judge.
Accordingly, the order denying Maharaj's motion to vacate judgment is reversed and this cause is remanded with directions that it be assigned to a new judge for a hearing on Maharaj's motion, which hearing shall commence within ninety days from the date this opinion becomes final.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
WELLS, J., concurs in result only.
NOTES
[1] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).