COPE, Judge
(concurring).
*76 I concur and write separately to explain why I join the reversal.
This is an appeal of a summary final judgment in a premises liability case. Plaintiff John McCarthy was a customer at defendant’s McDonald’s Restaurant. He went to the condiment counter, underneath which the restaurant stored two highchairs. The legs of the highchairs protruded from underneath the condiment counter into the walkway. While at the condiment counter, plaintiff moved aside to allow another patron to pass. When he moved, he tripped over a protruding highchair leg and was injured. Plaintiffs brought suit.[1]
The defendant restaurant moved for summary judgment, arguing that the highchairs were an open and obvious condition for which the property owner had no liability. Defendant supported the motion with a photograph, taken when the restaurant was empty, showing that an observer could see that the two highchairs were underneath the condiment counter. The trial court entered summary judgment in favor of the defendant restaurant, and the plaintiffs have appealed.
In my view, there are disputed issues of material fact as to whether the condition in this case was open and obvious, and whether this is a case in which the “distraction rule” applies.
As summarized in section 343A of the Restatement (Second) of Torts (1965):
§ 343A. Known or Obvious Dangers
(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
[[Image here]]
[[Image here]]
Comment on Subsection (1):
b. The word “known” denotes not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves. Thus the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated. “Obvious” means that both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judg- . ment.
[[Image here]]
e. In the ordinary case, an invitee who enters land is entitled to nothing more than knowledge of the conditions and dangers he will encounter if he comes....
f.' There are, however, eases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger....
Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee’s attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it....
Illustrations:
2. The A Department Store has a weighing scale protruding into one of its aisles, which is visible and quite obvious to anyone who looks. Behind and about the scale it displays goods to attract customers. B, a customer, passing through the aisle, is intent on looking at the displayed goods. B does not discover the scale, stumbles over it, and is injured. A is subject to liability to B.
[[Image here]]
4. Through the negligence of A Grocery Store a fallen rainspout is permitted to lie across a footpath alongside the store, which is used by customers as an exit. B, a customer, leaves the store with her arms full of bundles which obstruct her vision, and does not see the spout. She trips over it, and is injured. If it is found that A should reasonably have anticipated this, A is subject to liability to B.
(Emphasis added). See Casby v. Flint, 520 So.2d 281, 282 (Fla.1988) (relying on Restate *77 ment (Second) of Torts § 343A); Ashcroft v. Colder Race Course, Inc., 492 So.2d 1309, 1312 (Fla.1986)(same); La Villarena, Inc. v. Acosta, 597 So.2d 336, 338 (Fla. 3d DCA 1992)(same); Hogan v. Chupka, 579 So.2d 395, 397 (Fla. 3d DCA 1991)(same); Levy v. Home Depot, Inc., 518 So.2d 941, 943 (Fla. 3d DCA 1987).
Here the highchair legs protruded from underneath the condiment counter into the walkway. The protrusion was at floor level, while a patron using the condiment counter would be looking at the counter top, not the floor. Patrons approach the counter carrying meal trays, and when the restaurant was crowded, as it was on the day of plaintiffs accident, the view of the counter and highchairs was obscured. There were material issues of fact regarding whether the condition was open and obvious, and if so, whether the restaurant should have anticipated that a customer’s attention would be distracted.
Reading the record in the light most favorable to the plaintiff as nonmoving party, there is evidence indicating that the defendant was negligent in storing chairs under the condiment counter in such a way that customers’ feet could become entangled. In the same light, the summary judgment record supports the proposition that plaintiff was not negligent or, at worst, was comparatively negligent in failing to see the chair legs’ protrusion into the walkway.

. Plaintiff Christine McCarthy sued for loss of consortium.