761 So.2d 467 (2000)
The STATE of Florida, Petitioner,
v.
Oscar NIETO, Respondent.
No. 3D00-872.
District Court of Appeal of Florida, Third District.
June 28, 2000.
Katherine Fernandez Rundle, State Attorney, and Penny H. Brill, Assistant State Attorney, for petitioner.
Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for respondent.
Before COPE, GERSTEN and FLETCHER, JJ.
COPE, J.
The State petitions for a writ of certiorari to quash an order allowing defendant-respondent Oscar Nieto to present expert testimony at trial. We deny the petition.
Defendant is a Colombian national who arrived at the Miami airport having swallowed forty pellets containing 1.17 pounds of heroin. As his defense to the charge of drug trafficking, he offers the defense of duress. Defense counsel represents that defendant will testify that he is a Colombian businessman who has a multi-entry-exit visa which allows regular travel to and from the United States. Defendant will testify that he was threatened and put in fear of imminent harm if he did not comply with the instructions of a Colombian drug trafficking cartel to swallow the drug pellets and smuggle them into the United States.
Defendant intends to call an expert witness at trial, Dr. Bruce Bagley, professor *468 of international studies at the University of Miami, whose area of concentration is the operations of drug cartels in Colombia and Mexico. He has written several books on the subject, has been a consultant for federal agencies, and on approximately six occasions has testified as an expert witness in federal court. Defendant desires to have Dr. Bagley testify about the methods used by Columbian drug cartels, and in substance, that those methods are consistent with what happened in this case: that a person with the defendant's characteristics, a multi-entry-exit visa and legitimate business and/or personal reasons to travel to and from the United States, may become targeted and threatened with harm to himself or his family if he does not consent to smuggle contraband. Professor Bagley's deposition is of record in this case.
By motion in limine, the State sought to exclude Dr. Bagley's testimony. The trial court ruled that Dr. Bagley's testimony was admissible, and denied the State's motion. The State has petitioned for a writ of certiorari, contending that the trial court order departs from the essential requirements of law.
Evidentiary rulings are addressed to the discretion of the trial court. See La Villarena, Inc. v. Acosta, 597 So.2d 336, 339 (Fla. 3d DCA 1992). For purposes of this evidentiary ruling, we accept the defendant's representation that the defendant will take the stand and testify to facts establishing a prima facie case of the defense of duress. See Fla. Std. Jury Instr. (Crim.) 3.04(i), at 58-58b (July 1998); see also Bozeman v. State, 714 So.2d 570, 572 (Fla. 1st DCA 1998); Jenks v. State, 582 So.2d 676, 678-79 (Fla. 1st DCA 1991); Marrero v. State, 516 So.2d 1052, 1054-56 (Fla. 3d DCA 1987).
On the assumption that the defendant will so testify, we think the trial court acted within its discretion in ruling that the expert testimony would be admissible. See State v. Hickson, 630 So.2d 172, 174-75 (Fla.1993); La Villarena, 597 So.2d at 339; § 90.702, Fla. Stat. (1999).
This court has said that:
[T]he four requirements for determining the admissibility of expert testimony are: (1) that the opinion evidence be helpful to the trier of fact; (2) that the witness be qualified as an expert; (3) that the opinion evidence can be applied to evidence offered at trial; and (4) that the evidence not present substantial danger of unfair prejudice outweighing its probative value. In order to be helpful to the trier of fact, expert testimony must concern a subject which is beyond the common understanding of the average person.
La Villarena, Inc., 597 So.2d at 339 (citations omitted). The trial court could reasonably conclude that those elements were satisfied, and on the petition for writ of certiorari here, we see no departure from the essential requirements of law.[*]
If defendant fails to testify, or fails to testify so as to establish prima facie the elements of a duress offense, then the expert testimony is inadmissible. See Stano v. State, 473 So.2d 1282, 1285-86 (Fla. 1985).
Certiorari denied.
NOTES
[*] Although not in a duress context, there are reported decisions which have allowed the admission of expert testimony regarding drug cartel operations. See, e.g., United States v. Saccoccia, 58 F.3d 754, 775-776 (1st Cir. 1995); United States v. Daccarett, 6 F.3d 37, 58-59 (2d Cir.1993).