PER CURIAM.
Victor Cardona appeals an order denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
In this case, evidence of the value of the stolen goods was essential in determining the proper charge and penalty.[1] The record before us does not conclusively refute appellant’s sworn claim that his counsel was ineffective for failing to establish the value in order to convince the finder of fact that the defendant was not subject to a charge of third degree grand theft, but, if anything, the lesser charge of petty theft. As a consequence, we remand for an evidentiary hearing. Fla. R.App. P. 9.141(b)(2)(D). A defendant is entitled to an evidentiary hearing on a motion for post-conviction relief unless: (1) the motion, files, and records in the case conclusively show that the defendant is entitled to no relief; or (2) the motion or particular claims are legally insufficient. See Patton v. State, 784 So.2d 380, 386 (Fla.2000). See also Maharaj v. State, 684 So.2d 726, 728 (Fla.1996); State v. Nieto, 761 So.2d 467 (Fla. 3d DCA 2000). Where the record does not conclusively refute post-conviction claims of ineffective assistance of counsel, the defendant is entitled to an evidentiary hearing on those claims. See Rodriguez v. State, 777 So.2d 1143 (Fla. 3d DCA 2001) (remanding for an evidentiary hearing where record did not specifically refute defendant’s claims of ineffective assistance of counsel).
We express no opinion on the ultimate merits but conclude that appellant’s sworn allegations are sufficient to call for an evi-dentiary hearing. We affirm the denial of post-conviction relief on the remaining points.
Affirmed in part, reversed in part and remanded for further proceedings consistent herewith.

. Cardona was convicted of third degree grand theft, inter alia.