RAMIREZ, J.
Courtland Group, Inc. appeals from an adverse final judgment on its claims for negligent representation and accounting malpractice against appellee Phillips Gold & Company LLP, and from a cost judgment entered against it and Joseph Bár-baro. Although this case took years of litigation regarding events that occurred decades ago and involves multiple individuals and corporations, the issue on appeal is primarily the propriety of the defense expert’s testimony. Finding no abuse of discretion in the trial court’s rulings, we affirm.
Neal A. Hochberg testified at trial as Courtland’s accounting expert and fraud examiner. He researched the value of Courtland’s contractual relationship with HMG and he analyzed the compensation of Lee Gray, an individual whose services to Courtland for a ten year period is at the heart of the parties’ litigation. Hochberg calculated Courtland’s damages at $1,481,968.00.
Vincent Love was Phillips Gold’s expert witness. He testified that Courtland had incurred no damages. Love testified that the benefit or “quantum meruit” Courtland received from Gray’s services would reduce the amount of Courtland’s damages. He also testified that the renewability of Courtland’s contract with HMG had a very significant impact on the outcome of Courtland’s expert’s analysis because the “contract would be worth zero ... it was at the end of the year, the end of the contract.” The jury found in Courtland’s favor on its claims for negligent representation and accounting malpractice, but found that Courtland was not damaged as a result of Phillips Gold’s negligence.
We agree with Phillips Gold that the trial court did not abuse its discretion in allowing its expert to explain his opinion that Courtland sustained no damages as a result of Phillips Gold’s negligence. There were two components to Courtland’s damages: (1) the value of a contract that expired at the end of every year, but had been renewed for twenty-five years; and (2) the compensation paid for ten years to a key executive of Courtland, accused of fraud by Courtland, who allegedly would have been fired immediately had the fraud been reported by Phillips Gold. In effect, Love opined that the contract between Courtland and HMG was basically worthless at the time of its expiration. He also felt that the key executive had rendered valuable services to Courtland for ten years which ought to be set off against any claim for compensation paid.
In La Villarena, Inc. v. Acosta, 597 So.2d 336, 339 (Fla. 3d DCA 1992), we stated that opinion evidence must be helpful to the trier of fact before it is admitted. To be helpful to the trier of fact, expert testimony must concern a subject which is beyond the common understanding of the average person. Id. at 339. Courtland complains that the testimony did not concern a subject which was beyond the common understanding of the jurors. We do not see how a jury can properly evaluate the damages in this complicated litigation and conclude that the defense expert could properly testify as to no damages, just as Courtland’s expert testified that it suffered almost $1.5 million in damages.
We also affirm the cost judgment and need not reach the issues raised on cross-appeal.
Affirmed.