SUAREZ, J.
 

 Nicholas Ross appeals from the summary denial of his postconviction relief motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part, and remand for further proceedings.
 

 Ross was convicted of robbery while wearing a mask, without a firearm. On direct appeal from his judgment and sentence, this Court affirmed.
 
 Ross v. State,
 
 976 So.2d 1118 (Fla. 3d DCA 2008). Ross raised thirteen issues in his motion for postconviction relief, which the trial court summarily denied as legally insufficient. Our review of the record shows that throughout the transcript of the court’s hearing on Ross’s rule 3.850 claims, the court stated that it would attach specific portions of the record that conclusively refuted the defendant’s claims, but the promised attachments are not in the record. We must reverse because, on appeal from a summary denial, this court must reverse unless the postconviction record shows conclusively that the appellant is entitled to no relief.
 
 See
 
 Fla. R.App. P. 9.141(b)(2)(A), (D). Because the record now before us fails to make the required showing on certain of Ross’s postconviction claims, we reverse the order and remand for attachment of appropriate records or for an evidentiary hearing or other appropriate relief. If the trial court again enters an order summarily denying the post-conviction motion, the court shall attach record excerpts conclusively showing that the appellant is not entitled to any relief on the stated claims.
 

 
 *85
 
 We further note that the trial court misapplied the term “legally insufficient” in its description of defendant’s claims, and as. a result, the defendant asserts in this appeal that he should be granted leave to amend those “legally insufficient” claims pursuant to
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007) (holding that, in dismissing a first postconviction motion based on a pleading deficiency, a court abuses its discretion by failing to allow the defendant at least one opportunity to correct the deficiency, unless it cannot be corrected). This is only true, however, if the legal insufficiency is based on a pleading deficiency. 971 So.2d at 755, 762. Here, it is clear from the record that the trial court ruled on the merits of the defendant’s postconviction claims. The claims were not “legally insufficient” pleading deficiencies. What the trial court failed to do was apply the two prongs of Strickland
 
 [1]
 
 to examine each of the defendant’s claims of ineffective assistance of counsel, and then to use accurate language to describe its determination of the claims. The trial court ruled on the merits, but mischarae-terized the claims as legally insufficient.
 

 As such, the defendant is not entitled to amend his postconviction motion.
 
 See Solorzano v. State,
 
 25 So.3d 19 (Fla. 2d DCA 2009) (holding that, because a claim was denied on its merits, the defendant is not entitled to leave to amend under Spera). Further, our decision to remand for attachment of portions of the record that conclusively refute Ross’s claims or to hold an evidentiary hearing on the disputed issues, moots Ross’s assertion that he should be granted leave to amend under
 
 Spera. See id.; Spera,
 
 971 So.2d at 762 (holding that when trial courts deny relief because the record conclusively refutes the allegations, they need not permit the amendment of pleadings).
 

 In addition, the transcript of the hearing shows that the trial court mentioned, but failed to separate out those claims that either were or should have been brought on direct appeal and were procedurally barred.
 
 [2]
 
 We thus reverse and remand for the trial court to attach records to conclusively refute Ross’s postconviction issues 1, 4, 5, 8, 9, 11, and 12. We affirm all remaining issues..
 

 Affirmed in part, reversed and remanded in part.
 

 [1]
 

 .
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 

 [2]
 

 .
 
 See
 
 Fla. R.Crim. P. 3.850(c) (“This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence.”);
 
 see, e.g., Maharaj v. State,
 
 684 So.2d 726, 728 (Fla.1996) ("It does appear that a substantial number of [defendant's] claims may properly be denied without an evidentiary hearing because they were either raised or could have been raised on direct appeal and, consequently, cannot be relitigated in postconviction relief proceeding.”).