PER CURIAM.
Nevin Baker appeals the denial of his legally sufficient motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of Grounds One, Three,[1] and Four without further discussion. However, because the allegation contained within Ground Two is not conclusively refuted by the record, we reverse the summary denial of this ground and remand for attachment of record excerpts conclusively refuting this claim or for an evidentiary hearing.[2] See Freeman v. State, 761 So.2d 1055, 1061 (Fla.2000) (“[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or- (2) the motion or a particular claim is legally insufficient.” (citing Maharaj v. State, 684 So.2d 726 (Fla.1996))).
AFFRIMED in part,-REVERSED-in part, and REMANDED.'
PALMER, BERGER and LAMBERT, JJ., concur. ■ ■ -

. See Shere v. State, 742 So.2d 215, 217 n. 6 (Fla.1999) (recognizing that an issue raised in a brief without argument is insufficiently presented for review).

. The trial court’s position that Ground Two lacks merit because the prior battery conviction was an element of the offense does not account for Baker’s stipulation to the prior battery conviction. See State v. Harbaugh, 754 So.2d 691, 694 (Fla.2000) (“[T]he State and the trial court should accept a defendant’s stipulation to [prior convictions]. As in Brown, where a defendant stipulates to the [prior convictions], the State’s burden of proof for that element is satisfied.”); Brown v. State, 719 So.2d 882, 889 (Fla.1998) ("[W]hen requested by a defendant in a felon-in-possession of a firearm case, the trial court must approve a stipulation whereby the parties acknowledge that the defendant is, without further elaboration, a prior convicted felon. At the same time, the State may place into the record, at its discretion, the actual judgments) and sentence(s) of the prior felony conviction(s). Of course, neither these documents nor the number and nature of the prior convictions should be disclosed to the trial jury.”); see also State v. Rodriguez, 575 So.2d 1262, 1266 (Fla.1991).