IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOHNNY ANTHONY MARSHALL,

      Appellant,

 v.                                  Case No.  5D16-1081

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed August 19, 2016

3.850 Appeal from the Circuit Court
for Orange County,
Mark S. Blechman, Judge.

Johnny Anthony Marshall, Milton, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Robin A. Compton,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

    Johnny Anthony Marshall appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to Grounds B, D, and E. However, because the record does not conclusively refute Marshall's claims that counsel was (1) ineffective for failing to object to the introduction of hearsay by Detective Newton and (2) ineffective for failing to investigate and present an

alibi defense, we reverse the summary denial of Grounds A and C and remand for the postconviction court to attach portions of the record conclusively refuting those claims or for an evidentiary hearing.[1]  See Freeman v. State, 761 So. 2d 1055, 1061 (Fla. 2000) ("[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." (citing Maharaj v. State, 684 So. 2d 726 (Fla. 1996))).

AFFIRMED in part, REVERSED in part, and REMANDED.

TORPY, BERGER and EDWARDS, JJ., concur.

---

[1] See generally Hannon v. State, 941 So. 2d 1109, 1138 (Fla. 2006) (noting that trial strategy cannot normally be determined without an evidentiary hearing, but also stating that an evidentiary hearing is not necessary when "it is so obvious from the face of the record that trial counsel's strategy not to present a [particular defense] is very clearly a tactical decision well within the discretion of counsel . . .").