PER CURIAM.
Reji Smith appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to Grounds One, Four, Six, Seven, Eight, and Nine. The record, however, does not conclusively refute Grounds Two and Three, alleging that *619 counsel was ineffective for failing to object to the detective’s testimony identifying Smith in the surveillance video and the still photographs and his testimony indicating that he had seen Smith, on a prior occasion, at the residence where the drug deal occurred, and Ground Five, alleging that counsel was ineffective for failing to investigate, depose, and/or call Patricia Roka Cleveland to testify. Accordingly, we reverse the summary denial of Grounds Two, Three and Five and remand for attachment of portions of the record conclusively refuting those claims or for an evi-dentiary hearing. See Freeman v. State, 761 So.2d 1055, 1061 (Fla. 2000) (“[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient.” (citing Maharaj v. State, 684 So.2d 726 (Fla. 1996))).
AFFIRMED in part, REVERSED in part, and REMANDED.
SAWAYA, TORPY and BERGER, JJ., concur.