IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MICHAEL WEBB,

      Appellant,

v.                                   Case No.  5D16-3139

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed January 20, 2017

3.850 Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Michael Webb, Crawfordville, pro se.

No Appearance for Appellee.

PER CURIAM.

Michael Webb appeals the summary denial of his successive motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to Grounds Two through Ten.[1] However, because the record does not conclusively refute Webb's claims that counsel was ineffective for advising him to reject a plea offer,

_____

[1] We note that a trial court may also dismiss a postconviction motion raising new or different claims for relief as successive if it finds there was "no good cause for the failure of the defendant . . . to have asserted those grounds in a prior motion." See Fla. R. Crim. P. 3.850(h)(2).

we reverse the summary denial of Ground One and remand for attachment of portions of the record conclusively refuting this claim or for an evidentiary hearing.  See Freeman v. State, 761 So. 2d 1055, 1061 (Fla. 2000) ("[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." (citing Maharaj v. State, 684 So. 2d 726 (Fla. 1996))).

AFFIRMED in part, REVERSED in part, and REMANDED.

BERGER and WALLIS, JJ., concur.
LAMBERT, J., concurs specially, with opinion.

I agree with the decision to affirm the summary denial of grounds two through ten of Webb's rule 3.850 motion for postconviction relief. I also agree with reversing the summary denial of ground one. In that ground, Webb alleged that his trial counsel was constitutionally ineffective for misadvising him to reject a favorable plea offer from the State, having purportedly told Webb that because the State's offer was not in writing, it was likely a "ruse" to obtain a "guilty admission" from Webb that counsel suggested could thereafter be used against Webb at trial if the court rejected the plea agreement. As far-fetched as this claim sounds, the postconviction court summarily denied this ground based on its findings that, at the March 6, 2013 status conference, the State's plea offer was conveyed to Webb by counsel and Webb advised the court that he understood the offer and voluntarily chose to reject it. Although the court attached to the denial order a copy of the transcript of this status conference, nothing contained in the transcript conclusively refutes this claim of misadvice by counsel, and the court did not directly address the issue in its order.

In this case, both Webb and the postconviction court acknowledge that the instant rule 3.850 motion was not Webb's first such motion. Rule 3.850(h)(2) permits a trial court to dismiss a successive rule 3.850 motion raising new or different grounds for relief if the court finds that there was no good cause for the failure to assert those grounds in a prior motion or that the failure to previously assert these grounds constituted an abuse of the procedure. The one ground for which we are reversing clearly could have and should have been asserted in at least one of Webb's prior motions, and Webb's explanation in his present motion for not doing so does not, in my view, establish good cause and is an

3

abuse of the procedure.[2]  If Webb's first or second rule 3.850 motion had been denied on the merits, the postconviction court could have summarily dismissed this present motion, provided that it attached to its order copies of its prior denial order(s) on the merits and Webb's earlier postconviction motion(s).  *See* Fla. R. Crim. P. 3.850(h)(2); *Meyer v. State*, 69 So. 3d 1037, 1038 (Fla. 5th DCA 2011) (reversing the summary denial of a successive rule 3.850 motion for trial court's failure to attach to the denial order copies of the previous motion and denial order to demonstrate the successiveness of the motion).  I see no reason why the postconviction court, on remand, could not summarily dismiss this remaining ground, provided again that at least one of Webb's prior rule 3.850 motions was denied on the merits and the requisite copies of the court record are attached to the order.

---

[2] Webb, who is presently in the custody of the Florida Department of Corrections, claimed that he was misadvised by "institution law clerks" that the "trial court errors" raised in his earlier motions were cognizable in postconviction proceedings and that Webb could "later amend and supplement further claims at any time."