PER CURIAM.
Michael Webb appeals the summary denial of his successive motion for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to Grounds Two through Ten.[1] However, because the record does not conclusively refute Webb’s claims that counsel was ineffective for advising him to reject a plea offer, we reverse the summary denial of Ground One and remand for attachment of portions of the record conclusively refuting this claim or for an evidentiary hearing. See Freeman v. State, 761 So.2d 1055, 1061 (Fla. 2000) (“[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient.” (citing Maharaj v. State, 684 So.2d 726 (Fla. 1996))).
AFFIRMED in part, REVERSED in part, and REMANDED.
BERGER and WALLIS, JJ., concur.
LAMBERT, J., concurs specially, with opinion.

. We note that a trial court may also dismiss a postconviction motion raising new or different claims for relief as successive if it finds there was "no good cause for the failure of the defendant ... to have asserted those grounds in a prior motion.” See Fla. R, Crim. P. 3.850(h)(2).