PER CURIAM.
Gregory Gaffney appeals the order of the trial court denying Grounds One through Nine of his Florida Rule of Criminal Procedure 3.860 motion for postconviction relief. We affirm as to Grounds Two through Nine. However, because the record attachments do not conclusively refute Gaffney’s claim that his trial counsel was ineffective for threatening or coercing him into deciding not to testify at trial, we reverse the summary denial of Ground One and remand for attachment of portions of the. record conclusively refuting this claim or for an evidentiary hearing. See Freeman v. State, 761 So.2d 1055, 1061 (Fla. 2000) (“[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient.” (citing Maharaj v. State, 684 So.2d 726 (Fla. 1996))).
AFFIRMED in part, REVERSED in part, and REMANDED.
SAWAYA, BERGER and LAMBERT, JJ., concur.