IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DRINEL JOSEPH,

      Appellant,

 v.                                       Case No.  5D16-2442

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed March 17, 2017

3.850 Appeal from the Circuit
Court for Orange County,
Alan S. Apte, Judge.

Drinel Joseph, Indiantown, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F. Corrente,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Drinel Joseph appeals the summary denial of his amended motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant raised ten grounds in his motion for postconviction relief.  We reverse as to ground five because it is not conclusively refuted by the records attached to the order of denial.  We remand for the postconviction court to either attach records refuting the claims

set forth in ground five or to schedule an evidentiary hearing. We affirm, without further discussion, the postconviction court's rulings on the remaining grounds.

Appellant was convicted following a jury trial of two counts of first-degree murder and sentenced to two concurrent life sentences. He initially presented a false alibi to police: that he was in Homestead, Florida, where he lived, on the day that his former girlfriend and her co-worker were murdered in Orlando. However, cell phone usage evidence presented to the jury demonstrated that Appellant's phone pinged towers as he drove from Homestead to Orlando and back to Homestead on the day of the murders. There was additional cell phone data evidence that placed him near the murder scene around the time of the murders. At trial, witnesses testified that Appellant was a jealous, possessive boyfriend who had twice threatened his former girlfriend with a gun. Although Appellant's former girlfriend continued to see him occasionally, she was sufficiently scared of Appellant to kick him out of her apartment, change the locks, and repeatedly change phone numbers. She also wrote notes, in which she stated that if anything ever happened to her, Appellant would be the culprit.

In ground five, Appellant alleged that defense counsel was ineffective by discouraging, and thereby interfering with, his right to testify. Appellant claims that his counsel incorrectly advised him that the jury would hear the "specific nature" of his prior convictions, instead of learning only the number of his prior convictions. Affirmative misadvice regarding impeachment with prior convictions is a cognizable claim. *See Rodriguez v. State*, 909 So. 2d 955, 956 (Fla. 3d DCA 2005). Appellant claims that but for this misadvice, he would have testified, even though his testimony would have included an admission that he lied to the police about his alibi because he was on

2

probation and was not supposed to leave Dade County. He claims that he would have told the jury that his sole reason for going to Orlando was to purchase half a kilo of cocaine for resale, as he supplemented his income by selling drugs. Appellant alleges that he would have testified that he made numerous calls to his cocaine connection as he drove around Orlando, which would explain why his cell phone pinged towers near the murder scene. Although he admits that all the other witnesses testified differently, he was prepared to testify that his relationship with his former girlfriend was good and that she was not afraid of him. Finally, Appellant claims he would have testified that he was not near the murder scene at the time of the murders and did not kill the victims. He asserts that his testimony would have led to an acquittal because, as he claims, the State's case was entirely circumstantial and was based on the bad relationship between him and his former girlfriend.

While we agree with the postconviction court that this proposed testimony may not have resulted in an acquittal, it was Appellant's decision whether or not to testify in his own defense. The trial court did not attach any records to its order of denial to refute Appellant's claim set forth in ground five, that his attorney affirmatively misadvised him not to testify because the nature of his prior offenses, rather than only the number of the prior offenses, would be made known to the jury. Appellant is entitled to a timely hearing on ground five, unless portions of the record that conclusively refute this claim can be attached to a supplemental order of denial.

AFFIRMED in part, REVERSED in part, REMANDED for further proceedings.


PALMER, TORPY, and EDWARDS, JJ., concur.

3