PER CURIAM. Richard Abbas appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief, alleging ineffective assistance of counsel. Because the records attached to the order do not conclusively refute Abbas’ claim that counsel was ineffective for threatening to withdraw if Abbas did not accept a plea, we reverse the order under review and remand for attachment of portions of the record conclusively refuting Abbas’ claim that he was threatened with counsel’s withdrawal during the April 2016 plea and resentencing proceeding or, in the absence of such records, for an evidentiary hearing. See Freeman v. State, 761 So.2d 1055, 1061 (Fla. 2000) (“[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient.” (citing Maharaj v. State, 684 So.2d 726 (Fla. 1996))). REVERSED and REMANDED. COHEN, C.J., EVANDER and BERGER, JJ., concur.