IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARK WARD,

      Appellant,

v.                                               Case No. 5D17-677

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed December 1, 2017

3.850 Appeal from the Circuit Court
for Orange County,
Dan Traver, Judge.

Mark Ward, Wewahitchka, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Samuel Perrone,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Mark Ward appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to Grounds One, Two, Three, Four, Five, Six, and Eight. However, because the record does not conclusively refute Ward's claim that counsel was ineffective for misadvising him that if

he decided to testify in his own defense the State could inquire into the specific nature of his prior convictions, we reverse the summary denial of Ground Seven and remand for attachment of portions of the record conclusively refuting that claim or for an evidentiary hearing. Freeman v. State, 761 So. 2d 1055, 1061 (Fla. 2000) ("[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." (citing Maharaj v. State, 684 So. 2d 726 (Fla. 1996))); see also Joseph v. State, 214 So. 3d 741, 742 (Fla. 5th DCA 2017) (reversing summary denial where trial court did not attach records conclusively refuting Joseph's claim that his attorney affirmatively misadvised him not to testify because nature of his prior offenses, rather than number, would be made known to jury).

AFFIRMED in part, REVERSED in part, and REMANDED.

ORFINGER, TORPY and BERGER, JJ., concur.