PER CURIAM.
Andre Dunbar appeals the summary denial of Ground Five of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the record does not conclusively refute Dunbar's claim that counsel was ineffective for failing to call alibi witness, Aubrey Lyman, to testify at trial, we reverse the summary denial of Ground Five and remand for attachment of portions of the record conclusively refuting this claim or for an evidentiary hearing. See Freeman v. State, 761 So.2d 1055, 1061 (Fla. 2000) ("[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." (citing Maharaj v. State, 684 So.2d 726 (Fla. 1996) ) ).
AFFIRMED in part; REVERSED in part; and REMANDED.
PALMER, BERGER and EDWARDS, JJ., concur.