PER CURIAM.
Freddy Dwane Waddell appeals the summary denial of his amended motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, wherein he alleged his trial counsel was ineffective for failing to file a motion to disqualify the trial court on the basis that the trial court had prejudged his case. Specifically, Waddell claimed that the trial court informed him at a pretrial hearing, during which he rejected the State's plea deal, that if he proceeded to trial and lost, he would receive the maximum sentence. According to Waddell, those words proved prophetic. In denying the Motion, the trial court stated, "[a] review of the records shows no such statements made by the Court." The trial court, however, declined to share those records with us. Accordingly, because the record does not conclusively refute Waddell's claim, we reverse the summary denial and remand for attachment of portions of the record conclusively refuting his claim or for an evidentiary hearing. See Freeman v. State, 761 So.2d 1055, 1061 (Fla. 2000) ("[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular *268 claim is legally insufficient." (citing Maharaj v. State, 684 So.2d 726 (Fla. 1996) ) ).
REVERSED and REMANDED.
COHEN, BERGER and EDWARDS, JJ., concur.