733 So.2d 556 (1999)
Timothy O'CONNELL, Appellant,
v.
STATE of Florida, Appellee.
No. 99-87.
District Court of Appeal of Florida, Fifth District.
April 23, 1999.
*557 Timothy O'Connell, Brooksville, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
O'Connell appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He alleges he was denied effective assistance of trial counsel. We affirm.
In 1996, O'Connell pled guilty to three counts of grand theft in three cases,[1] and was found guilty of burglary of a dwelling in a fourth case.[2] He was sentenced in the latter case to 62 months in prison, followed by nine years probation, with consecutive five-year terms of probation in the other three cases. Restitution was imposed in the 1994 grand theft case, and also as a special condition of the probation in the two 1996 grand theft cases. A direct appeal was taken and this court per curiam affirmed. See O'Connell v. State, 708 So.2d 284 (Fla. 5th DCA 1998).
O'Connell argues his trial counsel was ineffective because he failed to object to and preserve the following sentencing issues: 1) the trial court failed to orally announce the condition of probation (Condition 15) which requires him to attend an HIV/AIDS Awareness Program, as well as the condition (Condition 12), which requires him to pay for any urinalysis, breathalyzer or blood tests ordered by his probation officer; 2) the trial court erred in setting restitution at $18,058 because that amount was not established by the record or other evidence; and 3) the trial court erred in including the same restitution as a special condition of probation in the two 1996 grand theft cases because that amount was not related to the 1994 case.
As to the sentencing issues, they were in fact raised in O'Connell's pro se brief filed in his direct appeal. Thus, they cannot now be raised in a Rule 3.850 motion. See generally Maharaj v. State, 684 So.2d 726 (Fla.1996); Rose v. State, 675 So.2d 567 (Fla.1996). However, O'Connell correctly points out that since trial counsel did not object to the alleged sentencing errors, these issues could not have been addressed on appeal. Thus, logically, the failure to preserve sentencing errors should be allowed to establish a claim for ineffective assistance of counsel. See, e.g., Crumbley v. State, 661 So.2d 383 (Fla. 1st DCA 1995).
However, we agree with the state that O'Connell failed to establish the prejudice necessary to show ineffective assistance of counsel. Haliburton v. Singletary, 691 So.2d 466 (Fla.1997); Robinson v. State, 707 So.2d 688 (Fla.1998). As to Condition 15, section 948.03(n), Florida Statutes, amended effective October 1, 1996, allows such a condition to be a standard condition of probation and one that therefore need *558 not be orally pronounced. The record in the direct appeal indicates the sentences were rendered on March 26, 1997.
With regard to Condition 12, which requires O'Connell to pay for drug testing, this is a special condition which must be orally pronounced. See State v. Williams, 712 So.2d 762 (Fla.1998); Porchia v. State, 705 So.2d 1050 (Fla. 5th DCA), approved, 716 So.2d 766 (Fla.1998). However, we have found no case which holds that failure of trial counsel to object to not orally pronouncing this condition amounts to ineffective assistance of trial counsel. In order to rise to this level, trial counsel's performance must be shown to have been so deficient that counsel failed to provide the defendant with a fair trial within the meaning of the Sixth Amendment. See Rivera v. State, 717 So.2d 477 (Fla.1998); Van Poyck v. State, 694 So.2d 686 (Fla.1997). As explained in Waterhouse v. State, 522 So.2d 341 (Fla.1988), a defendant is not entitled to perfect counsel, only reasonably effective counsel. Further, had the objection below been made by trial counsel, there is no indication the outcome would have been different.
With regard to the restitution issue, O'Connell is primarily arguing the merits of the award rather than trial counsel's performance. This proceeding should not serve as a second appeal. See Cherry v. State, 659 So.2d 1069 (Fla.1995). However, if not procedurally barred, we find no merit to O'Connell's claim his trial counsel acted deficiently in this regard. Restitution may be ordered in an amount greater than the maximum dollar value of the defining offense. J.O.S. v. State, 689 So.2d 1061 (Fla.1997). And, although the original complaint filed by the victim in the grand theft case stated the amount of jewelry stolen was worth $3,650, O'Connell failed to establish that the information filed against him was limited to the jewelry or that no additional damages were incurred. Section 775.089 requires restitution for all direct and indirect damages. Further, O'Connell failed to allege specific facts detailing the victim's statements or the evidence presented; therefore his allegations to establish insufficient performance by trial counsel were conclusory and legally insufficient. See Kennedy v. State, 547 So.2d 912 (Fla.1989).
O'Connell also argues it was error for the trial court to impose the same restitution in the 1996 grand theft cases as in the 1994 case, since damages in the 1996 cases were not directly or indirectly caused by the grand theft in the 1994 case. Here O'Connell was sentenced at the same time for both the 1994 and 1996 cases. Section 775.089(1)(a)1 provides for restitution for damages or losses caused directly or indirectly by the defendant's offense. Restitution should not be imposed for damages relating to a different case entirely. See State v. Williams, 520 So.2d 276 (Fla.1988). However, there is nothing in this record to show that all of the grand thefts were not part of the same criminal episode, committed as part of a single crime spree, part of which were not charged until 1996.
Further, in his motion, O'Connell states that his counsel was "ineffective for pointing this issue out [to] the court." This may be a misstatement, but absent other allegations showing his counsel failed to object or that he was prejudiced, ineffectiveness was not sufficiently alleged on this ground.
AFFIRMED.
COBB and GOSHORN, JJ., concur.
NOTES
[1] Cases No. 94-35187, 96-32434, and 96-32569.
[2] Case No. 96-32732.