PER CURIAM.
Appellant challenges the trial court’s summary denial of his motion for postcon-viction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he claims to have suffered ineffective assistance of counsel because counsel failed to object to or otherwise preserve for review the imposition of an “interrupted” sentence.
This court previously found Appellant’s trial counsel failed to preserve the issue of the imposition of an interrupted sentence. Goodwin v. State, 752 So.2d 689 (Fla. 1st DCA 2000). Because Appellant’s sentence is erroneous, his claim of ineffective assistance of counsel is facially sufficient. See O’Connell v. State, 733 So.2d 556, 557 (Fla. 5th DCA 1999) (“the failure to preserve sentencing errors should be allowed to establish a claim for ineffective assistance of counsel”); Francisco-Augustin v. State, 695 So.2d 1299 (Fla. 4th DCA 1997).
Accordingly, we reverse the summary denial of Appellant’s claim and remand to the trial court to enter an order attaching portions of the record demonstrating conclusively that Appellant is not entitled to relief, or to conduct an evidentiary hearing.
REVERSED and REMANDED.
DAVIS, BENTON and POLSTON, JJ., concur.