PER CURIAM.
Robert Brian Waterhouse petitions this Court for a writ of habeas corpus. We have jurisdiction under article V, section 3(b)(9) of the Florida Constitution. For the reasons expressed below, we conclude that Waterhouse’s claims are meritless, and thus deny relief.

Facts and Procedural History

The petitioner is currently under sentence of death pursuant to conviction for the 1980 first-degree murder of Deborah Kammerer. The facts surrounding the crime were fully detailed in our opinion affirming the petitioner’s conviction and sentence on direct appeal. See Waterhouse v. State, 429 So.2d 301, 302-04 (Fla.1983). Subsequent to the affirmance of Waterhouse’s conviction and sentence by this Court in 1983, we granted Waterhouse a writ of habeas corpus and vacated his sentence of death, because his original jury was not given the opportunity to consider nonstatutory mitigating evidence when considering the sentence to be recommended to the sentencing trial court. See Waterhouse v. State, 522 So.2d 341, 344 (Fla.1988). Upon resentencing, the jury unanimously recommended the death penalty and the trial court again imposed a sentence of death. See Waterhouse v. State, 596 So.2d 1008, 1011 (Fla.1992). This Court affirmed on direct appeal. See id. Waterhouse then collaterally attacked his sentence and conviction by filing a motion under Florida Rule of Criminal Procedure 3.850. The circuit court in which the action was filed summarily denied Waterhouse’s motion, and this Court affirmed the denial. See Waterhouse v. State, 792 So.2d 1176 (Fla.2001). Water-house now petitions this Court for a writ of habeas corpus, asserting four claims.[1]

*482
Analysis

As an initial matter, it is necessary at the outset for us to address the State’s contention that the entirety of Water-house’s ineffectiveness claims are procedurally barred because they have been raised and addressed by this Court in a prior proceeding. In this Court’s opinion addressing Waterhouse’s appeal of the denial of his first rule 3.850 motion and his first petition for habeas corpus, we held that his claims regarding the ineffectiveness of his appellate counsel were “rendered moot by our granting of the writ” of habeas corpus. Waterhouse, 522 So.2d at 344. It is clear from this statement that the substance of these claims was not addressed, and they have not been considered by this Court in any of Waterhouse’s subsequent proceedings. Therefore, we find no legal bar to their consideration in the instant cause. Thus, we fully examine the entirety of Waterhouse’s claims.
Waterhouse first contends that the court presiding over his original trial erred by excusing two jurors for cause, and that his appellate counsel rendered constitutionally defective assistance of counsel in not properly presenting this claim on appeal. The record reveals that juror Ashcraft was excused based upon her comments during voir dire in response to questions regarding the imposition of the death penalty. The following colloquy with the State Attorney is telling:
PROSECUTOR: Mrs. Ashcraft, in response to one of defense counsel’s statements, you said you didn’t think you could vote to recommend the death penalty, is that correct?
ASHCRAFT: That’s correct.
PROSECUTOR: So if the defendant were found guilty as charged in this case, are you telling me now then that you don’t believe that you could vote to impose the death penalty under any circumstances?
ASHCRAFT: To vote to ...
PROSECUTOR: Vote to condemn him to death?
ASHCRAFT: No, I’m sorry.
This exchange between Ashcraft and the State Attorney clearly reveals that reasonable doubt about Ashcraft’s ability to render an impartial verdict was before the trial court, and thus her removal from the jury panel was entirely warranted. See Singleton v. State, 783 So.2d 970, 973 (Fla.2001). Indeed, because a trial court’s ruling on a challenge for cause must be sustained absent an abuse of discretion, and this discretion is only abused where no reasonable person would adopt the view taken by the trial court, see, e.g., id., there was no basis then, nor does one exist now, upon which to disturb the trial court’s ruling on this issue.
Waterhouse also contends that the trial court erred in excusing juror Clark. Initially, Clark revealed his opinions regarding circumstantial evidence during the following exchange:
PROSECUTION: Mr. Clark, is my understanding correct, sir, that you could not vote to impose the death penalty under any circumstances if the case involved circumstantial evidence?
CLARK: Yes, sir.
*483 PROSECUTION: And I believe you also stated that you would not be able to consider the guilt phase impartially on circumstantial evidence alone, is that correct?
CLARK: That’s right.
Following questioning by defense counsel, as well as specific instruction by the court regarding circumstantial evidence and the proper weight it may be accorded, Clark was again questioned by the State. This questioning yielded the following discussion:
PROSECUTION: [Y]ou told me earlier, unless I misunderstood you, that you did not believe that you could vote to convict in a capital case on circumstantial evidence, is that correct?
CLARK: Not fully, yes. PROSECUTION: Do you still believe that?
CLARK: Yes.
Clearly, the answers given by juror Clark reveal a reluctance to accord circumstantial evidence any significant weight in a capital trial. This certainly is a basis upon which a trial court may excuse a juror for cause. See Holland v. State, 39 Fla. 178, 22 So. 298 (1897); Olive v. State, 34 Fla. 203, 15 So. 925 (1894). Additionally, this Court will not disturb a trial court’s ruling on the competency of jurors on appeal absent manifest error. See, e.g., Davis v. State, 461 So.2d 67, 71 (Fla.1984). Because there was no basis upon which this Court would have granted relief based upon the trial court’s removal of jurors Ashcraft and Clark on direct appeal, Wa-terhouse’s assertion of ineffective assistance of counsel must fail. See Engle v. Dugger, 576 So.2d 696 (Fla.1991); Card v. State, 497 So.2d 1169 (Fla.1986).
In his second claim, Waterhouse contends that his appellate counsel’s performance was constitutionally deficient because he did not assert that the exposure of the jury panel to a pamphlet containing general advice and instruction regarding jury service prejudiced Waterhouse’s right to a fair trial. Whether or not the jury’s consideration of this “unofficial guide” constitutes reversible error, however, is immaterial in the instant action. Waterhouse did not request a mistrial, nor did he request any type of voir dire after the trial court’s discovery that the jurors had viewed nonrecord material while empaneled. Additionally, the record reflects that the trial court provided cautionary and corrective instructions which included instructions to the jurors, prior to their deliberations, that they were to consider the case before them solely on the evidence before them and the instructions given by the court, and that they were not to consider matters or material from outside the courtroom.
Because no motion for mistrial or request for corrective action was registered with regard to the jury pamphlet, this claim was not preserved for appeal. An examination of the material identified by Waterhouse, in conjunction with the trial court’s instructions, leads us to conclude that no fundamental error occurred in the instant case. Fundamental error “reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Kilgore v. State, 688 So.2d 895, 898 (Fla.1996) (quoting State v. Delva, 575 So.2d 643, 644-45 (Fla.1991)). Because appellate counsel cannot be faulted for failing to raise a claim which would have been deemed meritless on appeal, see, e.g., Engle, 576 So.2d at 704; Card, 497 So.2d at 1177, this claim is without merit.
In his third claim, Waterhouse contends that' his appellate counsel rendered constitutionally ineffective assis *484 tance in faffing to challenge the trial court’s admission of evidence regarding the petitioner’s deviant sexual proclivities. Indeed, at trial, the jury heard testimony regarding Waterhouse’s preference for anal and somewhat abusive sex. Water-house is misdirected in asserting this claim in the instant action, however, because it was raised, in substance, in his first direct appeal. In that action, a challenge was presented to both the admission of testimony which described a statement made by Waterhouse relating that he had inserted a beverage bottle into his victim’s rectum, as well as testimony regarding his affinity for anal sex. In this Court’s opinion affirming Waterhouse’s conviction and sentence of death, we addressed the issue, holding that the statements were properly admitted into evidence. See Waterhouse, 429 So.2d at 306. The substance underlying this claim has previously been raised and decided adversely to Waterhouse, and, therefore, its reassertion now as an ineffectiveness claim is entirely without merit. See Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla.1987) (“If [an] issue is raised on direct appeal, it will not be cognizable on collateral review.”).
Finally, Waterhouse contends that his appellate counsel failed to render effective assistance of counsel because he did not assert that the trial court erred in denying Waterhouse a continuance. Wa-terhouse asserts that the State presented his trial counsel with the names of exculpatory witnesses only three days prior to trial, and that the trial court should have granted the defense a continuance to conduct depositions of these witnesses. Wa-terhouse contends that the trial court’s inflexibility prejudiced his case and prevented him from receiving a fair trial.
This Court has already examined the effect that the State’s late disclosure of these witnesses had upon Waterhouse’s case, and concluded that he was not prejudiced. In our opinion on Waterhouse’s appeal of the denial of his first postconviction motion, we concluded:
There is no ... undermining of confidence in the outcome in this case.... [D]espite knowing throughout the trial of the two exculpatory witnesses, Water-house declined to call one of them, believing his testimony would do more harm than good. Thus, although it seems clear that the prosecution should have timely disclosed the information to Waterhouse, it has not been shown that Waterhouse was in any way prejudiced by the nondisclosure, or late disclosure, of the information.
Waterhouse, 522 So.2d at 343. While our examination of this claim in Waterhouse’s previous action was pursuant to a Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), analysis, the conclusion is still entirely applicable to Water-house’s instant claim. As we have already concluded that no prejudice flowed from the State’s late witness disclosure before trial, no prejudice resulted from the trial court’s refusal to continue the case based upon the very same late disclosure issue. Thus, Waterhouse’s ineffective assistance of appellate counsel claim must fail.

Conclusion

Based upon the forgoing, we find no grounds upon which to grant relief in this case. Therefore, we deny Waterhouse’s petition for writ of habeas corpus.
It is so ordered.
ANSTEAD, C.J., SHAW, WELLS, PARIENTE, and LEWIS, JJ., and HARDING, Senior Justice, concur.
QUINCE, J., recused.

. Waterhouse contends that he received ineffective assistance of appellate counsel because *482 his appellate attorney failed to assert (1) that the trial court presiding over his original trial erred by excusing two jurors for cause, (2) that Waterhouse's constitutional rights to a fair trial were violated when jurors improperly viewed a pamphlet purporting to assist them in their deliberations, (3) that Water-house's right to a fair trial was violated by the admission of evidence associated with his deviant sexual proclivities, and (4) that the trial court improperly denied Waterhouse's pretrial motion for a continuance.