MONACO, J.
Richard Lynn Stearns Miller appeals the judgment and sentence rendered by the trial court after a jury found him guilty of two counts of lewd and lascivious exhibition with respect to two different children, and two counts of solicitation to commit murder, the victims being one of the children and the mother of that child. Although Mr. Miller raises six issues on appeal, we conclude that all of them lack merit. One issue, concerning the appointment of counsel, however, deserves further treatment.
The Public Defender’s office was initially appointed to represent Mr. Miller. Mr. Miller filed a pro se motion to discharge the Public Defender’s office, as he elected to represent himself. After a Faretta hearing was conducted, Mr. Miller was found to be competent to waive his right to counsel, and the Public Defender’s office was appointed as standby counsel.
Two months later, Mr. Miller filed a pro se notice of conflict of interest because he had filed a federal action against the Public Defender’s office. At this point he decided not to represent himself, and asked the court to appoint new “board certified” counsel to represent him. The Public Defender’s office was allowed to withdraw and a private law firm was appointed. When a member of that firm later learned that he would be called as a witness on the solicitation to commit murder charges, he filed a motion to withdraw. The trial court granted that motion and appointed a second private attorney to represent Mr. Miller.
Mr. Miller later filed yet another motion to discharge counsel because he felt that his lawyer failed “to show courtesy, concern, or diligence.” Still later Mr. Miller filed two more suggestions that he was unhappy with his counsel, citing a missed appointment, and complaining that counsel *818 did not respond to his correspondence. He also complained that his attorney had not obtained relevant evidence that was in police custody, and had failed to communicate sufficiently with him. At the hearing convened to consider his complaints concerning his counsel, he had a change of heart and indicated that he wished to withdraw his motion, even though he had in the interim filed a federal lawsuit against this lawyer, as well. The court then denied a motion for continuance, and reminded everyone that the trial would begin on the following day.
When the following day dawned, however, Mr. Miller changed his mind yet again and renewed his motion to dismiss counsel, citing among other things the conflict resulting from his lawsuit against her, as well as a litany of other reasons. Although the court remarked that it would not continue the case any further, particularly in light of the many prior continuances that had already been granted, he asked Mr. Miller to detail his reasons for wanting to discharge this lawyer, and inquired in accordance with Nelson v. State[1], in order to make a determination regarding whether there was cause to believe that his counsel was ineffective. It appears that Mr. Miller’s concern now centered around obtaining some documents from West Virginia, as well as trying to get his car and tools back from third parties, and the conflict purportedly created by his lawsuit. His lawyer explained to the court what she had been doing to try to obtain the West Virginia documents, and related that she had exhausted all avenues to obtain them. She then explained the other communication problems that she was having with her client. At the conclusion of the hearing the court denied the motion, saying:
All right. Mr. Miller, the court’s going to find that there is not reasonable cause to believe that Ms. Hawthorne is rendering ineffective assistance. I find that Ms. Hawthorne did, in fact, render effective assistance in that she followed through on the information that was provided to her. The information that was provided to her late, meaning, that after this case was set for trial and, as a matter of fact, just days before the trial is to start, she did move the court for a continuance. I don’t know what else she could have done. I’m going to find that she did not render ineffective assistance. Mr. Miller, if counsel is discharged, the court is not required to appoint substitute counsel. Do you understand that?
As to the federal lawsuit filed by Mr. Miller against his lawyer (Ms. Hawthorne), the court indicated that this was a tactic utilized by the appellant against a previously appointed lawyer. We are not privileged to know the precise gravamen of the suit, but from the surrounding conversation, it appears to have been a malpractice case based on the complaints of ineffective assistance that Mr. Miller made before the trial court. The trial judge said, more particularly:
Well, Ms. Hawthorne, I’m going to find that the fact that Mr. Miller may have filed a federal lawsuit, which he’s done in the past with his previous counsel in order to create some conflict so they have to be replaced, that does not mean that I’m replacing you in this case. I don’t find that — in fact, I don’t know what’s in the lawsuit. Ms. Hawthorne wasn’t aware of it until this past — until we spoke here today. So I’m not going *819 to find that there’s a conflict that requires her to be replaced at this point. So your choice would be to have Ms. Hawthorne represent you?
Mr. Miller indicated at this point that he was willing to continue with Ms. Hawthorne as he now appeared to realize that she was the only alternative available to him, short of self-representation.
Unquestionably, when a criminal defendant seeks to discharge his court-appointed counsel, the court should conduct a Nelson inquiry to determine whether there is cause to believe that counsel is not rendering effective assistance. Here, the inquiry made by the trial judge satisfied Nelson. The question that remains is whether the .bare fact that Mr. Miller sued his lawyer creates a “conflict” that mandates a discharge of counsel, and appointment of new counsel. We do not think that discharge is appropriate.
If there is a conflict between attorney and client in this case, it was entirely created by the client. The federal suit is apparently no more than a claim of ineffective assistance dressed up in civil law clothing. This is the very claim that the trial judge concluded was not well-founded after a detailed hearing in open court. The filing of the complaint in federal court created no more of a conflict that the unsuccessful assertion by Mr. Miller of ineffective assistance of counsel. A criminal defendant is entitled absolutely to representation by “reasonably effective counsel.” This does not mean perfect counsel. See Waterhouse v. State, 522 So.2d 341, 343 (Fla.), cert. denied, 488 U.S. 846, 109 S.Ct. 123, 102 L.Ed.2d 97 (1988); O’Connell v. State, 733 So.2d 556 (Fla. 5th DCA), review denied, 744 So.2d 456 (Fla.1999); Platt v. Wainwright, 208 So.2d 666 (Fla. 2d DCA 1968). More importantly from the perspective of this case, it does not mean that the defendant gets to shop for counsel by using the commencement of a civil lawsuit as a shopping basket. Accordingly, we find no error in the trial court’s actions. See Boudreau v. Carlisle, 549 So.2d 1073, 1077 (Fla. 4th DCA 1989), cause dismissed, 557 So.2d 866 (Fla.1990); see also Thomas v. State, 421 So.2d 160 (Fla.1982); Gaines v. State, 706 So.2d 47 (Fla. 5th DCA 1998); Jones v. State, 658 So.2d 122, 125 (Fla. 2d DCA 1995).
AFFIRMED.
PLEUS, C.J. and TORPY, J., concur.

. 274 So.2d 256 (Fla. 4th DCA 1973), approved, Hardwick v. State, 521 So.2d 1071 (Fla.1988)